UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THOMAS RZEPKA,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case # 13-CV-6627-FPG

DECISION AND ORDER

      Thomas Rzepka ("Rzepka") brings this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") which denied his application for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF No. 1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g).

      Currently before the Court is the Commissioner's Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF No. 7. Despite having ample time to do so, Rzepka has not responded to or otherwise opposed the Commissioner's Motion. For the reasons set forth below, I find that the decision of the Commissioner is supported by substantial evidence and, accordingly, the Commissioner's final decision will be affirmed.

BACKGROUND

Rzepka first applied for SSI on May 4, 2011 (Tr.[1] 34-39), and also filed applications for DIB and SSI on July 11, 2011 (Tr. 27-33), alleging that he had been disabled within the meaning of the Act since June 15, 2006. After his application was initially denied at the administrative level, a hearing was held before Administrative Law Judge Michael W. Devlin ("the ALJ") on May 24, 2012. Tr. 47-73. Rzepka testified at this hearing, where he was represented by counsel. *Id.* On August 9, 2012, the ALJ issued his decision, finding that Rzepka was not disabled within the meaning of the Act. Tr. 10-26. That decision became the final decision of the Commissioner when the Appeals Council denied Rzepka's request for review on September 18, 2013. Tr. 1-4. Rzepka timely commenced this action on November 22, 2013, seeking review of the Commissioner's final decision. ECF No. 1.

DISCUSSION

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g). Indeed, the Act holds that a decision by the Commissioner is "conclusive" if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). It is not this Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d

---

[1] References to "Tr." are to the administrative record in this matter.

Cir. 1998) (internal quotation marks omitted); *see also Wagner v. Secretary of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires an ALJ to follow a five-step sequential evaluation. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 CFR § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that they impose significant restrictions on the claimant's ability to perform basic work activities. 20 CFR § 404.1520(c). If they don't, the analysis concludes with a finding of "not disabled." If they do, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4. If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR § 404.1509), the claimant is disabled. If not, the analysis proceeds to step four, and the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or metal work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 CFR § 404.1520(e)-(f). The ALJ then determines whether the claimant's RFC permits him or her to perform the requirements of their past relevant work. If they can, the claimant is not disabled, and if they cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate

that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 CFR § 404.1560(c).

The ALJ issued a written decision which analyzed Rzepka's claim for benefits, and upon review of that decision and the supporting administrative record, I find that the ALJ's decision is based upon the correct legal standards and his determination that Rzepka is not entitled to benefits is supported by substantial evidence.

In reaching his decision, the ALJ proceeded through the required five step analysis, and determined that Rzepka had the RFC to perform light work, with some denominated restrictions, and that sufficient jobs existed in the economy that would correspond to his RFC. In doing so, the ALJ noted that Rzepka was 51 years old at the time of the hearing, and that he had previously worked at several jobs, including ones involving construction work, cooking, and property maintenance. Tr. 18. The ALJ analyzed Rzepka's testimony, wherein he stated that he suffered from ailments including abdominal pain that radiates to his back and hip, depression, and pain in his hands. *Id.* Rzepka testified that he is constantly in pain, is unable to concentrate, and feels that it is unsafe for him to drive. *Id.* However, the ALJ determined that these statements were only partially credible. *Id.*

The credibility of witnesses, including the claimant, is primarily determined by the ALJ and not the courts. *Carroll v. Sec'y of Health and Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983) (citations omitted). An ALJ may properly accept or reject claims of severe, disabling pain after considering the claimant's subjective testimony, the objective medical evidence, and any

other factors deemed relevant. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). The ALJ must follow a two-step process in evaluating the claimant's statements regarding pain:

> First, the adjudicator must consider whether there is an underlying medically determinable physical or mental impairment(s) . . .that could reasonably be expected to produce the individual's pain or other symptoms.
>
> Second, . . .the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities.

Social Security Ruling ("SSR") 96–7p, 1996 WL 374186, at *2 (S.S.A.).

If objective evidence alone does not substantiate the "intensity, persistence, or limiting effects" of the claimant's symptoms, the ALJ must assess the credibility of the claimant's subjective complaints by considering the record in light of the following symptom-related factors: (1) claimant's daily activities; (2) the location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) the type dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to alleviate the symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). An ALJ who rejects subjective testimony concerning pain and other symptoms "must do so explicitly and with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether his determination is supported by substantial evidence." *Brandon v. Bowen*, 666 F. Supp. 604, 608 (2d Cir. 1987) (citing, *inter alia*, *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984)). Failure to consider every factor is not grounds for remand if the ALJ gives reasons that are "sufficiently specific to conclude that he considered the entire evidentiary

record." *Wischoff v. Astrue*, No. 08-CV-6367-T, 2010 WL 1543849, at *7 (W.D.N.Y. Apr. 16, 2010).

Here, the ALJ found that the Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, but the claimant's statements concerning the "intensity, persistence and limiting effects" were not credible "to the extent they [were] inconsistent" with the RFC determined by the ALJ. Tr. 18. In doing so, the ALJ noted that while Rzepka testified that he is in constant pain, he also testified that he handles all of the household chores himself, and in 2011, he claimed to be an avid hunter and sportsman. Tr. 502. Further, while Rzepka alleged that he is unable to concentrate, his written responses before the hearing indicated he can and does drive a car, perform household chores, interact with family and friends, manage personal finances, and read. Tr. 170-188.

The ALJ also considered Rzepka's medical records in light of his testimony, and recited that the litany of tests performed on many of Rzepka's vital organs, including his gall bladder, liver, spleen, kidneys, abdominal aorta and proximal inferior vena cava were all normal. Further, Rzepka's abdominal CT scan was normal, as were other abdominal examinations and a colonoscopy. Further, the ALJ reviewed Rzepka's medical records in regards to his claims of depression, and recounted that an exam by his treating physician found no significant abnormalities regarding his memory, attention span, or concentration. Examinations regarding Rzepka's mental state were also unremarkable. Taken as a whole, I find that the ALJ's credibility determination is in accord with the applicable legal standards, and that it is supported by substantial evidence in the record.

The ultimate conclusion of the ALJ at step 4 was that although Rzepka could not perform his past work as a house repairer, assembler, cook, or construction worker, he could perform

light work with some restrictions.  As such, the ALJ proceeded to step 5, and determined that jobs existed in significant numbers in the national economy that Plaintiff could perform, given his RFC.  In doing so, the ALJ relied on the testimony of a vocational expert, and it is well settled that an ALJ may rely on properly supported testimony from a vocational expert as part of the step 5 analysis. *See, e.g., McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014).

In crafting the RFC, the ALJ considered the relevant medical evidence, as well as Rzepka's own testimony.  To the extent that conflicts existed in the medical evidence, those conflicts are for the Commissioner to resolve. *See Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).  In addition, the ALJ properly discounted portions of the opinion of Dr. Glazer, Rzepka's treating physician, because some of his opinions were contradicted by the record.  For example, while Dr. Glazer stated that Rzepka could not bend, he also stated that he could sit for 4 hours. Tr. 531-532.  Further, Dr. Glazer stated that Rzepka could lift up to 50 pounds at a time, but also stated that Rzepka could only lift between 0 and 5 pounds occasionally. *Id.*  In addition, Dr. Glazer himself opined that Rzepka was overly focused on his pain, and was imposing limitations on himself above and beyond what was necessary. Tr. 321.  He further noted that Rzepka's pain responded well to medication. *Id.*

While the opinions of a treating physician are ordinarily accorded controlling weight, it is also well settled that a treating physician's opinion may *not* be entitled to controlling weight when it contradicts other "substantial evidence" in the record. *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002); *Otts v. Commissioner of Social Sec.*, 249 F. App'x 887, 889 (2d Cir. 2007) ("An ALJ . . . may also reject such an opinion [from a treating source] upon the identification of good reasons, such as substantial contradictory evidence in the record."). "Substantial evidence" includes other expert medical opinions or a treating physician's earlier treatment notes. *Halloran*

*v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (citation omitted). Based upon the previously stated inconsistencies, the ALJ did not err in assigning less than controlling weight to Dr. Glazer's opinion.

For all of these reasons, the ALJ's determination is based upon application of the correct legal standards and is supported by substantial evidence in the administrative record, and the determination that Rzepka is not disabled within the meaning of the Act is therefore affirmed.

## CONCLUSION

For the foregoing reasons, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 7) is GRANTED, and this case is dismissed with prejudice. The Clerk of the Court is directed to enter judgment, and to close this case.

IT IS SO ORDERED.

DATED:   May 5, 2015
         Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court